IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES WILSON,

    Plaintiff,

vs.                                   No. CV 15-00998 MV/LF

ANITA IRELAND,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) on the Prisoner's Civil Rights Complaint ("Complaint") filed by Plaintiff James Wilson (Doc. 1). The Court will dismiss Wilson's Complaint for failure to state a claim and as frivolous and malicious under § 1915(e)(2)(B). Also before the Court are Wilson's Motion to Appoint Counsel (Doc. 3) and Motion for Default Judgment (Doc. 10) which the Court will deny as moot in light of the Court's dismissal of Wilson's Complaint.[1]

*Dismissals for Failure to State a Claim*

    Plaintiff Wilson is proceeding *pro se* and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Rule 12(b)(6) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1915(e)(2)(B). Under Rule 12(b)(6), the Court must accept all well-pled factual

---

[1] There is also no basis for a default judgment, since Defendant Ireland has never been served.

1

allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a *pro se* complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a *pro se* plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a *pro se* plaintiff

must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the *pro se* litigant. *Hall,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. *Pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### *Analysis of Wilson's Claims*

Wilson has filed multiple actions in this Court relating to his criminal prosecutions in the New Mexico state courts. The Court will review the sufficiency of Wilson's Complaint under the 28 U.S.C. § 1915(e)(2)(B) standard, taking notice of the state court record filed as part of other cases initiated by Wilson in this Court. *Denton,* 504 U.S. at 32-33.

In this case, Wilson has sued Anita Ireland, the office administrator of the Hobbs, New Mexico branch of the Law Office of the New Mexico Public Defender. (Doc. 1 at 1). Wilson claims Ireland is an employee of the Public Defender's Office acting under color of state law and is sued in her official capacity for declaratory and injunctive relief and in her individual capacity for monetary damages. (Doc. 1 at 1). Wilson's Complaint alleges:

> Defendant Ireland is responsible for assigning my case to an attorney
> since my attorney of record (Bryan Collopy) is no longer employed
> with her office. Yet she refuses to respond to letters I've wrote or to speak
> with the power of attorney holder I sent in my stead. In July 2015, I was told

3

>that my Judgment and sentencing order were in need of clarification. NMRA 1-058c states that counsel shall be provided a reasonable opportunity to examine and make objections before a court signs any order of judgment. Since Defendant Ireland refuses to appoint me counsel, an order was filed signed and approved only by the Judge and the Prosecutor that increases my sentence and runs it consecutive to another case which is outside the parameters of the plea agreement. And, this was all done in ex parte fashion since the office of record that represented me has abandoned me due to the deliberate indifference and neglect of Defendant Ireland. . . In July 2015, when it was brought to my attention that proceedings would again be taken into court on my CR 2011-00271 case, I immediately contacted the Public Defenders office for assistance and Defendant Ireland by name. She has completely ignored me and I've had no representation to defend my interests. I fully qualified for a Public Defender and they are the office of record. Now I've been given years of increased sentence stemming from a hearing held on August 31, 2015 to remove the habitual. On the new order revoking my probation the habitual was removed but there were many changes that were never addressed in court.

(Doc. 1 at 2-3).

In addition to this case, over the past seven months, Wilson has filed four cases relating to his state court criminal proceedings: *Wilson v. Scramlin,* CV 15-00867 WJ/GBW (civil rights action against the prosecutor); *Wilson v. Barnes,* CV 15-00884 JB/GJF (civil rights action against his caseworker and records clerks); *Wilson v. Hatch,* CV 15-00989 WJ/LF (habeas corpus petition); and *Wilson v. Cerha,* CV 15-01016 KG/CG (civil rights action against his probation officer). In CV 15-00989, a proceeding under 28 U.S.C. § 2254, the New Mexico Attorney General has filed portions of the records of several state court criminal proceedings against Wilson, including records from CR 2011-00271. (*See* CV 15-00989 Doc. 18, 18-1, 18-2, 18-3, 18-4, 18-5, and 18-6).

The state court record reflects that in 2011, Wilson pled guilty or no contest in several state court criminal proceedings, including CR 2011-00271. In CR 2011-00271, he pled no contest to third-degree assault with intent to commit a violent felony, fourth-degree aggravated fleeing from a law enforcement officer, assault on a peace officer, resisting arrest, and

aggravated DUI. (CV 15-00989 Doc. 18-2 at 7-13).  The state court suspended most of his prison time and ordered him to serve probation. (CV 15-00989 Doc. 18-2 at 26-31).  On August 29, 2012, Wilson was charged with having absconded and the State of New Mexico filed a petition to have his probation revoked.  (CV 15-00989 Doc. 18-2 at 35-41).  Following a hearing in April 2013, the state court revoked his probation and imposed a term of imprisonment.  (CV 15-00989 Doc. 18 at 2-3; Doc. 18-2 at 46-50).  Wilson then filed a Notice of Appeal, appealing to the New Mexico Court of Appeals the order revoking probation and imposing a sentence of imprisonment. (CV 15-00989 Doc. 18-2 at 57-58).  The Court of Appeals affirmed on March 20, 2014. (CV 15-00989 Doc. 18-2 at 64). The state court docket reflects that, at all times during the proceedings, Wilson was represented by the New Mexico Office of the Public Defender.  (CV 15-00989 Doc. 18-2 at 59-64).

       The record does not reflect any proceedings in CR 2011-00271 in July, 2015.  Instead, on August 4, 2015, Wilson filed a motion to amend the order revoking probation and imposing judgment and sentence.  (CV 15-00989, Doc. 18-2 at 64).  On August 26, 2015, Wilson filed a consolidated habeas corpus petition in several of his state criminal cases, including 2011-00271, raising his concern that he was being required to serve consecutive rather than concurrent sentences.  On August 31, 2015, the state court held a preliminary hearing in CR 2011-00271, with Wilson appearing *pro se*. Wilson then withdrew his habeas corpus petition on September 21, 2015.  (CV 15-00989 Doc. 18-2 at 64).  The Court did, however, enter an order on September 23, 2015, correcting the order revoking Wilson's probation and imposing the sentence to remove the enhancement as a habitual offender from the sentence imposed for the assault with intent to commit a violent felony. (CV 15-00989 Doc. 18-6 at 33-37).

Over a five-day period from November 2, 2015 to November 6, 2015, Wilson filed the § 2254 Petition in this Court in cause no. CV 15-00989, two state habeas corpus petitions including one in CR 2011-00271, this proceeding against Ireland under 42 U.S.C. § 1983, and a Notice of Appeal, purportedly to the United States Court of Appeals for the Tenth Circuit but filed in the Fifth Judicial District Court, Lea County, New Mexico.  (CV 15-00989 Doc. 18 at 4-5).

In the November 3, 2015 petition for writ of habeas corpus filed in state court in CR 2011-00271, Wilson made the following statements:

> The Petitioner was represented by Douglas Witt on September 26, 2011, and by Bryan Collopy on April 29, 2013. . . The Petitioner does not seek appointment of counsel since this matter is extremely simple and only a matter of court record.

(CV 15-00989 Doc. 18-6 at 25).  Also on November 3, 2015, Wilson filed a Waiver of Counsel in CR 2011-00271.  (CV 15-00989 Doc. 18-2 at 6).  On November 23, 2015, the Post-Conviction Habeas Unit Law Offices of the Public Defender (LOPD) provided its Notice of 5-802(G)(1) Initial Review.  (CV 15-00989 Doc. 18-6 at 46).  Rule 5-802(G)(1) of the New Mexico rules governing habeas corpus proceedings imposes an obligation on the public defender to conduct an initial review of habeas petitions.  The rule provides:

> If, after reviewing any statement filed by the public defender department, the court does not order a summary dismissal, the court shall appoint counsel to represent the petitioner, subject to the standards of the Indigent Defense Act, Section 31-16-3 NMSA 1978, ***unless the petitioner has filed a waiver of counsel*** or has retained counsel. A copy of said order shall be served on petitioner, respondent, and the public defender department.

Rule 5-802(G)(1) (emphasis added).  The Public Defender's November 23, 2015 Notice states:

> LOPD has reviewed Petitioner's filing and determines that it is not a proceeding that is subject to review under Rule 5-802(G)(1), due to Petitioner having filed a waiver of counsel on November 3, 2015. Petitioner has elected to proceed pro se on the petition for writ of

6

> habeas corpus. Therefore an initial review of the petition by LOPD
> and determination whether petitioner qualifies for LOPD Post-
> conviction counsel under 5-802(G)(21) is moot.

(CV 15-00989 Doc. 18-6 at 46-47).

Contrary to the allegations of Wilson's Complaint, there were no proceedings pending in his criminal case, CR 2011-00271, in July of 2015. Instead, from August 2015 through November 2015, Wilson voluntarily and acting *pro se*, filed motions and habeas corpus proceedings, unequivocally waiving representation by counsel and expressing his intent to proceed *pro se*. In fact, Wilson filed his waiver of counsel one day before suit was filed against Ireland in this Court for alleged refusal to appoint counsel. The record establishes that Wilson has not been appointed counsel in the state proceedings due to Wilson's own waiver of counsel and decisions to proceed *pro se*, and not due to any neglect or indifference on the part of Defendant Ireland. Wilson's Complaint fails to state any claim for relief against Ireland under the § 1915(e)(2)(B) standard.

Moreover, even if it did, 42 U.S.C. § 1983 states:

> Every person who, **under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,** *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See Polk Cty. v. Dodson,* 454 U.S. 312, 315, (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Id.* at 325. Although it is not clear whether Ireland is a lawyer, Wilson alleges that Ireland's actions constitute ineffective assistance of counsel in violation of his Fifth,

Sixth, and Fourteenth Amendment rights, and the Court will construe his contentions as a claim involving a lawyer's traditional function as counsel to a defendant in a criminal proceeding. (Doc. 1 at 2, 5). Because his claims are based on allegations regarding the functions of counsel in his criminal case, the complaint against Ireland must be dismissed. *Polk,* 454 U.S. at 325.

Last, Wilson's claim against Defendant Ireland is also barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. The *Heck* doctrine also applies without respect to whether the relief sought is in the form of damages or equitable declaratory or injunctive relief. *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005). If success in the action would necessarily demonstrate the invalidity of the sentence or conviction, the claim is barred by *Heck*. *See Harris v. Fulwood,* 611 F. App'x 1, 2 (D.C. Cir. 2015).

Wilson requests the following relief:

> That this Court issue a declaratory judgment stating that Defendant Ireland's ineffective assistance of counsel caused denial of due process and double jeopardy, in violation of Plaintiff's rights under the Sixth, Fifth, and Fourteenth Amendments to the United States Constitution, injunctive relief by ordering Defendant Ireland to assign an attorney to my case immediately, compensatory damages in the amount of $75,000 against Defendant Ireland for deprivation of liberty and amenity and emotional injury resulting from the Defendant's ineffective assistance of counsel.

(Doc. 1 at 5). Because a favorable ruling on Wilson's claims would require treating his sentence in state case CR 11-00271 as invalid, the Complaint also must be dismissed under the *Heck* doctrine*. See, Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 556–57 (10th Cir. 1999).

The Court will dismiss Wilson's Complaint without leave to amend because the Court

determines that amendment of the Complaint would be futile. *Hall,* 935 F.2d at 1109. Wilson's issues with his criminal representation and sentencing will never state a civil rights cause of action against Ireland. The Court also finds the claims asserted by Wilson are frivolous and malicious under 28 U.S.C. § 1915(e)(2). The factual allegations are clearly baseless. A complaint plainly abusive of the judicial process is properly typed frivolous and malicious within the context of section 1915(e)(2)(B)(i). *See Duhart v. Carlson,* 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman,* 997 F.2d 726, 728-29 (10th Cir. 1993).

Because the Court concludes that Wilson's Complaint fails to state a claim for relief and is frivolous under § 1915(e)(2)(B), the Court will impose a strike against him as provided in the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). The Court reminds Wilson that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

IT IS ORDERED that

(1) The Prisoner's Civil Rights Complaint filed by Plaintiff James Wilson (Doc. 1) is DISMISSED with prejudice for failure to state a claim on which relief can be granted and as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B),

(2) Plaintiff Wilson's Motion for Appointment of Counsel (Doc. 3) and Motion for Default Judgment (Doc. 10) are DENIED as moot, and

(3) The Court imposes a strike against Wilson under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE